UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO,<br><br>        Plaintiff,<br><br>v.<br><br>WRC HUNTINGTON, LLC,<br><br>        Defendant. | Case No. 21-cv-00953-TSH<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 17 |

Plaintiff Rafael Arroyo applies for an order by this Court "entering the Judgment as stipulated by the parties on 6/4/2021." ECF No. 17. However, on February 15, 2022, Plaintiff voluntarily dismissed this with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 16. At that time, the Court did not retain jurisdiction over this matter, and no other order had been entered regarding the parties' settlement agreement.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* Thus, where a settlement agreement results in dismissal of an action and the Court has not retained jurisdiction as part of the dismissal, any subsequent issues that arise are considered "a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit." *Id.* at 381 ("The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way

essential to the conduct of federal-court business.").

Here, Plaintiff dismissed this case voluntarily without a court order, and the Court did not retain jurisdiction over the parties' settlement agreement.  Accordingly, the Court is without jurisdiction to enforce the settlement agreement and any claims related to it.  Any such claims must be brought in state court as a breach of contract claim.  *Kokkonen*, 511 U.S. at 382 (Absent a request for the court to retain jurisdiction over the settlement contract, "enforcement of the settlement agreement is for state courts."); *see generally Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995) (holding that the district court lacked jurisdiction to enforce settlement in a case in which the judge issued a conditional dismissal but did not expressly retain jurisdiction and did not incorporate the terms of the settlement into the dismissal, even though the judge orally indicated that he intended to oversee the settlement).

Accordingly, Plaintiff's request for entry of judgment is **DENIED**.  Plaintiff is advised that the Court shall not accept any further filings in this matter.

**IT IS SO ORDERED.**

Dated: October 19, 2022

THOMAS S. HIXSON
United States Magistrate Judge